## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Ernesto Wilfredo Solano Godoy, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16cv21 (LMB/JFA) |
| | ) | |
| Director, Virginia Dep't of Corrections, | ) | |
|     Respondent. | ) | |

### MEMORANDUM OPINION

Ernesto Wilfredo Solano Godoy, a Virginia inmate proceeding pro se, has filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his

conviction of rape, forcible sodomy and other offenses following a jury trial in the Circuit Court

of Fairfax County.  Before this Court is the respondent's Motion to Dismiss this petition.

### I. Background

Godoy was charged with, and convicted of, burglary, rape, forcible sodomy, and two

counts of object sexual penetration.  Case No. FE-2011-1290.  He was sentenced to an aggregate

of forty-five (45) years imprisonment with ten (10) years suspended.  In its opinion affirming

Godoy's convictions, the Court of Appeals of Virginia described the underlying facts as follow:

> At trial, the Commonwealth presented evidence that appellant used
> various tools to pry open the balcony door of K.A.A.'s apartment and
> entered her bedroom in the early morning hours of June 4, 2011.
> K.A.A. awoke to see a masked individual picking up her infant child
> from her bed and placing the infant in his crib nearby.  When K.A.A.
> asked who was there, appellant approached her and brandished a large
> knife, which he dragged across the length of her body while
> indicating she remain quiet.  Appellant then raped and sodomized
> K.A.A. repeatedly, at one point threatening to return the following
> day and kill her.
>
> Following the attack, appellant demonstrated to K.A.A. that he had
> not harmed her three children who were sleeping in a different room.

He left shortly thereafter, and K.A.A. called a friend [and] then contacted 911. K.A.A. subsequently was examined by a trained sexual assault nurse, who observed abrasions and redness consistent with forcible rape. In inspecting K.A.A.'s apartment, police found fingerprints and a shoe impression on the balcony railing. They also found a bottle of bleach apparently used for the purpose of removing evidence of the prints, as well as fingerprints on a number of tools located on the balcony. The knife appellant used was discovered on the floor of K.A.A.'s bedroom. Police apprehended appellant after showing a sketch of the perpetrator to K.A.A.'s colleagues at work, one of whom recognized appellant as a former employee.

Appellant presented evidence in his defense that he and K.A.A. had been conducting an affair and that she had invited him to her apartment on the night of the offense. According to appellant, K.A.A. became angry with him throughout the course of the evening because he was attempting to break off the relationship, causing him to retreat to the balcony at one point. While appellant was on the balcony, his cellular telephone began to ring with a unique ringtone that signified his wife was calling. Appellant claimed that K.A.A. grabbed the telephone, locked the balcony door with appellant still outside, and proceeded to taunt appellant, indicating that she would answer the call and report their affair to his wife. Appellant then attempted to pry open the balcony doors, using tools that he found outside. K.A.A., however, chose not to answer the phone and eventually let appellant back inside the apartment.

Appellant admitted that he had sexual intercourse with K.A.A. and that he touched her sexually in the various ways alleged in the Commonwealth's case-in-chief, but stated that all of the acts were consensual. He stated that he already knew how to get to K.A.A.'s apartment because he had visited on a previous occasion to discuss purchasing an auto part from her boyfriend.

Godoy v. Commonwealth, 62 Va. App. 113, 116-17, 742 S.E.2d 407, 409 (May 28, 2013).[1]

The Supreme Court of Virginia refused Godoy's petition for a further appeal on December 12, 2103, and refused rehearing on March 7, 2014.

---

[1] Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

On March 9, 2015, Godoy timely filed a petition for a state writ of habeas corpus in the

Supreme Court of Virginia, raising the following claims:

1. He received ineffective assistance of counsel when his attorney allowed testimony and evidence to be presented to the jury in violation of the Confrontation Clause.

2. He received ineffective assistance of counsel when his attorney failed to present defense witnesses to contradict the prosecution's evidence.

3. His right to due process was violated when the prosecution submitted improper and prejudicial comments to the jury, thus denying him a fair and impartial trial.

4. He received ineffective assistance of counsel when his attorney failed to object to the prosecution's improper and prejudicial comments to the jury.

5. He received ineffective assistance of appellate counsel when his attorney failed to argue against the prosecution's improper and prejudicial comments to the jury, involving the ends of justice exception to overcome his failure to preserve at trial.

6. He received ineffective assistance of appellate counsel when his attorney failed to argue that the evidence was insufficient to establish his guilt.

7. His right to due process was violated because the evidence in its totality was insufficient to support guilt of each element beyond a reasonable doubt.

The Supreme Court of Virginia dismissed the petition on November 17, 2015. Godoy v.

Director, Va. Dep't of Corr., R. No. 150387 (Va. Nov. 17, 2015).

Godoy then turned to the federal forum and filed the instant application for relief pursuant

to 28 U.S.C. § 2254 on December 18, 2015,[2] reiterating the same claims he made in the state habeas proceeding. Respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and petitioner has filed a reply. Accordingly, the matter is now ripe for disposition.

## II.  The Petition is Timely

Respondent argues that the petition is subject to dismissal as time-barred, but his position is flawed. A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  For federal purposes, a conviction becomes final not on the date the disposition of a state appeal occurs, as the respondent has assumed, but rather ninety days thereafter, when the time expires for filing a petition for a writ of certiorari in the United States Supreme Court. <u>See</u> U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); <u>see</u> <u>also</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 333 (2007).  Here, then, as petitioner argues, the § 2254(d) limitations period did not begin to run until June 5, 2014, ninety days after the Supreme Court of Virginia denied his motion for rehearing on direct appeal. Pet. Reply at 2. From that date until Godoy filed his state habeas

---

[2]For federal purposes, a pleading submitted by an incarcerated <u>pro</u> <u>se</u> litigant is deemed filed when it is delivered to prison officials for mailing. <u>Lewis v. City of Richmond Police Dep't</u>, 947 F.2d 733 (4th Cir. 1991); <u>see also</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).  In this case, petitioner certified that he placed his petition in the prison mailing system on December 18, 2015. Pet. at 30. Respondent's assertion that the petition was not filed until December 21, 2015 appears to be predicated on the postmark of the envelope in which it was mailed, Pet., Att. 1, but the determinative circumstance is the date the prisoner provides the pleading to prison officials for mailing, rather than the date the officials actually mail it. <u>Id.</u>

application on March 19, 2015, 242 days elapsed. The statute of limitations was tolled while the

state habeas proceeding was pending. See 28 U.S.C. § 2244(d)(2). After the state habeas

petition was dismissed on November 17, 2015, 31 additional days passed until Godoy filed this

federal petition on December 18, 2015. See n. 2, supra. When those periods are combined a

total of only 273 days elapsed between the date the convictions at issue became final and the date

this federal petition was filed, and the petition accordingly is timely.

### III. Procedural Default

Claims 3 and 7 of this petition, in which Godoy argues that his right to due process was

violated by alleged trial errors, are procedurally defaulted from consideration on the merits. In

both instances, the Supreme Court of Virginia on state habeas review determined pursuant to

Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) that the non-jurisdictional issue

presented could have been raised at trial and on direct appeal and therefore was not cognizable in

a habeas proceeding. On federal habeas corpus review, § 2254(d) mandates that a state court's

finding of procedural default be presumed correct, provided that the state court relied explicitly

on the procedural ground to deny petitioner relief and that the rule relied on is an independent

and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The

Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton

constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125

F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton

barred review of Claims 3 and 7 of this petition also precludes federal review of those claims.

A federal court may not review a procedurally barred claim absent a showing of cause

and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed,

489 U.S. 255, 262 (1989). In his reply, petitioner argues that the defaults of claims 3 and 7 were

the result of ineffective assistance of counsel. Pet. Reply at 3. Petitioner has also asserted the same instances of ineffective assistance as free-standing claims in claims 4 and 6 of this petition, and as will be discussed *infra*, neither has merit. When a claim of ineffective assistance fails, it cannot furnish cause and prejudice to excuse a procedural default. Schmitt v. Kelly, 189 Fed. App'x 257, 274-76 (4th Cir. 2006). Accordingly, Godoy has failed to overcome the procedural default of claims 3 and 7, and they are precluded from federal review.

### IV. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139

6

F.3d 891 (4th Cir. 1998) (table).

## V. Analysis

In all of his federally-cognizable claims, petitioner asserts that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice.

7

Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In claim (1), petitioner argues that he received ineffective assistance of counsel when his lawyer allowed testimony and evidence to be presented to the jury in violation of petitioner's rights under the Confrontation Clause. Specifically, petitioner argues that his right to confrontation was violated when his cellular telephone records were admitted as business records through a records custodian and then discussed by an expert. He contends that the Commonwealth's witnesses "were not custodians who could verify as to 'who' the records belonged to, 'who was in use of the phones during the time, and more importantly, to attest to the validity of the records themselves." Pet. at 6. He also asserts that a police officer was wrongly permitted to testify about petitioner's statement regarding what his telephone number was and to have his recollection refreshed during the testimony. Pet. at 5. When petitioner made this same claim in his state habeas corpus action, the Supreme Court of Virginia rejected it on the following reasoning:

> In a portion of claim (a), petitioner contends he was denied the effective assistance of counsel because counsel failed to object to the admission of petitioner's phone records. Petitioner contends counsel should have argued admission of the records violated petitioner's right to confront the witnesses against him because the phone records are affidavits, which fall within the 'core class of testimonial statements' protected by the Confrontation Clause under Crawford v. Washington, 541 U.S. 26 (2004).

> The Court holds that this portion of claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that the Commonwealth admitted petitioner's cellular telephone records through Ronald Witt, a custodian of records for T-Mobile telephone company. Witt explained that the records were 'self-generating automatically through the computer system as the calls are received or made' without human assistance. Affidavits are 'declaration[s] of facts written down and sworn to by the declarant before an officer

8

authorized to administer oaths.' Black's Law Dictionary 62 (8th ed. 2004). Counsel could reasonably have determined any arguments that the records were inadmissible affidavits would have been meritless. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

In another portion of claim (a), petitioner contends he was denied the effective assistance of counsel because counsel failed to object to a police officer's testimony, which included petitioner's cell phone number and linked petitioner to the cell phone records admitted through Witt. Petitioner further contends counsel was ineffective for failing to object to the testimony of the Commonwealth's expert in cellular phone technology. Petitioner contends counsel should have objected to the testimony of these witnesses because neither was a custodian of the cell phone records, neither could verify who the records belonged to or who was using the phones identified in the records at the time, and neither could attest to the validity of the records.

The Court holds that this portion of claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that the Commonwealth admitted the records through Witt, who was the custodian of the records. Witt testified the records were kept within the normal course of business and were relied upon by employees to perform work-related functions. Witt examined the records and they accurately depicted T-Mobile's records. Counsel could reasonably have determined it was not relevant to the admissibility of their testimony that the officer and the Commonwealth's expert were not the custodians of the records and that the validity of the records had been established by Witt. The record further demonstrates that the officer testified petitioner had told him that the number associated with the records was petitioner's cell phone record. Petitioner subsequently testified he was in possession of the cell phone at the time of the offenses, which was also the time period covered by the records. Counsel could reasonably have determined any question as to the witnesses' ability to state who the records belonged to and who was using the cell phone during the relevant time period was not relevant to the admissibility of their testimony. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings

would have been different.

Godoy v. Dir., Va. Dep't of Corr., supra, slip op. at 2 - 3.

The state court's foregoing determination was consistent with applicable federal authorities. Petitioner's argument that counsel should have argued on the basis of Crawford v. Washington that his telephone records were equivalent to affidavits and therefore protected by the Confrontation Clause is entirely misplaced.   First, Crawford is inapposite because it addressed the issue of when a defendant has the right to confront an out-of-court declarant. See Crawford, 541 U.S. at 59 (holding that testimonial statements of witnesses absent from trial are admissible only where the declarant is unavailable and the defendant has had a prior opportunity to cross-examine).   Here, on the other hand, the telephone records at issue were computer generated automatically and involved no out-of-court declarant. See United States v. Washington, 498 F.3d 225, 231 (4th Cir. 2007) (finding that the Confrontation Clause is not implicated in such situations because "raw data generated by the machines do not constitute 'statements,' and the machines are not 'declarants'").   Petitioner's assertion that the telephone records should have been considered affidavits is simply incorrect, as explained by the state court. Lastly, there would have been no valid objection for counsel to raise concerning the expert's testimony interpreting the telephone records. See United States v. Patterson, 713 F.3d 1237, 1247 n. 7 (10th Cir. 2013) (where phone records were admitted through a telephone company employee, agent's subsequent testimony interpreting the records did not violate the Sixth Amendment).   In short, none of the evidence to which petitioner argues his counsel should have objected was inadmissible; therefore, counsel's failure to make such objections did not amount to ineffective assistance. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005) (holding counsel not required to file frivolous motions). Accordingly, the state court's dismissal

10

of claim 1 may not be altered here. <u>Williams,</u> 529 U.S. at 412-13.

In claim (2), petitioner asserts that he received ineffective assistance of counsel when his attorney failed to present defense witnesses to contradict the prosecution's evidence. Specifically, he contends that his wife could have testified that she tried to call him "several times throughout the night" in question. Pet. at 8. Petitioner has supplied no affidavit to support that assertion. The Supreme Court of Virginia found no merit to this argument, as follows:

> In another portion of claim (b), petitioner contends he was denied the effective assistance of counsel because counsel failed to call petitioner's wife to testify at trial. Petitioner alleges his wife would have testified that she attempted to call petitioner several times on the night of the offenses, which would have bolstered petitioner's testimony that the only reason he attempted to break into the victim's home through her balcony door was that the victim had petitioner's cell phone and petitioner could hear it ringing and knew his wife was trying to call him.
>
> The Court holds that this portion of claim (b) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. Petitioner fails to provide any support that his wife would have been willing and able to testify as he contends. Further, the record, including the trial transcript, demonstrates that at the time of the offenses petitioner's phone was either turned off, its battery was dead, or it was otherwise the outside the range of service and could not connect to any cell tower. Therefore, even if petitioner's wife had testified that she attempted to call him, it would not have bolstered his testimony that he attempted to break into the victim's home because he could hear the phone ringing. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

<u>Godoy v. Dir., Va. Dep't of Corr.,</u> <u>supra</u>, slip op. at 3.

The foregoing holding was a reasonable application of the <u>Strickland</u> principles. In general, courts "are reluctant to find ineffective assistance based upon complaints regarding uncalled witnesses." <u>Lenz v. True</u>, 370 F. Supp. 2d 446, 479 (W.D. Va. 2005). A petitioner

cannot show that he was prejudiced by the absence of a witness' testimony unless he demonstrates "not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McClotter, 775 F.2d 595, 602 (5th Cir. 1985). Thus, where a petitioner fails to proffer precisely what testimony a missing witness would have provided and to supply an affidavit verifying that proffer, he does not meet his burden to demonstrate that counsel's performance was ineffective. See Makdessi v. Watson, 682 F. Supp. 2d 633, 654 (E.D. Va. 2010). Petitioner in this case made no such proffer. Accordingly, the Supreme Court of Virginia's holding was factually reasonable and in accord with controlling federal principles, and its determination may not be disturbed here. Williams, 529 U.S. at 412-13.

In claim (4), petitioner argues that he received ineffective assistance of counsel when his attorney failed to object to the prosecution's improper and prejudicial comments to the jury. The Supreme Court of Virginia determined that this position was meritless for the following reasons:

> In claim (d) and a portion of claim (e), petitioner contends he was denied the effective assistance of counsel because counsel failed to object when the prosecutor made improper and objectionable comments during closing argument. Petitioner alleges the prosecutor improperly stated that petitioner was 'lying to extricate' himself, 'tweaked his story,' and fled to avoid apprehension. Petitioner further alleges the prosecutor was believable and deserved 'an Academy Award if she is lying.'

> The Court holds that claim (d) and this portion of claim (e) satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that the prosecutor did not state that petitioner was lying. The prosecutor did argue petitioner had a motive to lie and that his version of events was replete with inconsistencies and contrary to the physical evidence and human experience. The prosecutor further argued petitioner 'tweaked' his explanation for how his footprints came to be on the victim's balcony and in that his testimony at trial varied from the explanation he was

12

provided the police shortly after the crimes. While a prosecutor may not express his personal belief or opinion as to a defendant's guilt or the credibility of a witness, she may argue the evidence and the fair inferences that arise from the evidence show the defendant is guilty. ... Counsel could reasonably have determined the prosecutor did not improperly express a personal opinion as to petitioner's guilt or credibility.

The record further demonstrates that when the police sought to question petitioner about the crimes, petitioner left the home he shared with his wife and child, went to stay with a friend, and began to make plans to leave the country. Thus, counsel could have determined the prosecutor's argument that petitioner attempted to flee was supported by the evidence and not objectionable.

Finally, the record demonstrates that petitioner's counsel argued in closing that the victim had fabricated the allegations against petitioner because she had been having an affair with petitioner and became afraid her boyfriend would find out. The victim reported to a friend that she had been raped immediately after petitioner left her home and then had called 911 to report the rape to police immediately after that. Her 911 call was played to the jury. Responding to petitioner's argument that the victim had made up the allegations, the prosecutor pointed to the recording and the victim's testimony and stated that if petitioner were to be believed and the victim disbelieved then the victim was a 'great actress' and that she 'must deserve and Academy Award.' Counsel could reasonably have determined these comments were an appropriate response to his closing argument and did not sufficiently express the prosecutor's personal opinion of the credibility of the witnesses to warrant an objection. See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989) (whether to object to prosecutor's argument 'is a judgment trial attorneys make routinely. It does not give rise to a claim under Strickland.') Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Godoy v. Dir., Va. Dep't of Corr., supra, slip op. at 4 - 5 (state citations omitted).

The foregoing holding was both factually reasonable and in accord with applicable

federal authorities. Factually, the record does not bear out petitioner's assertions that the

prosecutor acted improperly, because the prosecutor's comments in rebuttal were clearly invited

responses to petitioner's own closing argument. The record reveals that the Commonwealth's initial closing argument consisted entirely of a review of the evidence that had been presented to the jury. Godoy v. Comm., R. No. 0369-12-4, Comm. App. Vol. II at 27-38. Petitioner then presented an argument centered on the theory the victim had made up the rape accusation because she was a scorned woman, id. at 38-85, "tossed away like an old rag." Id. at 83. He pointed out that she had children by multiple fathers, id. at 58, "she was the one and only person to take care of all these kids," id. at 83, and she had accused petitioner of sexual crimes because "he could not be her new boyfriend." Id. at 84. Petitioner suggested that the victim did not behave like a rape victim following the incident, id. at 48, 57, 80-82, and suggested that she faked her distress during the physical portion of the rape exam. Id. at 68. Petitioner bookended his remarks by asking the jury, "Who is more believable? Is it [K.A.A.] or is it [petitioner]?" Id. at 48, 80. In rebuttal, the Commonwealth fairly responded with arguments as to why the jury should believe K.A.A. rather than the petitioner. Id. at 86-114.

It is well established in federal jurisprudence that a lawyer's "'strategic choices ... are virtually unchallengeable'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 556 U.S. 1106 (2009). Thus, an attorney's routine judgment as to whether to object and draw further attention to an issue will not support a claim of ineffective assistance. Evans, 881 F.2d at 125. Here, since nothing in the Commonwealth's rebuttal closing argument was sufficiently egregious to demand an objection, counsel's tactical decision not to do so does not warrant habeas relief, and the Virginia courts' rejection of claim 4 must be allowed to stand. Williams, 529 U.S. at 412-13.

In claim (5), petitioner asserts that his appellate counsel provided ineffective assistance by failing to argue against the prosecution's improper and prejudicial comments to the jury,

14

involving the ends of justice exception to overcome his failure to preserve at trial. The Supreme

Court of Virginia rejected this contention on the following holding:

> In another portion of claim (e), petitioner contends he was denied the effective assistance of counsel on appeal because counsel failed to argue the prosecutor made improper remarks during closing argument.
>
> The Court holds that this portion of claim (e) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address very possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Godoy v. Dir., Va. Dep't of Corr., supra, slip op. at 5.

The Strickland analysis applies to claims of ineffective assistance on appeal as well as at

trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). For the reasons discussed in

connection with claim 4, appellate counsel's decision not to assign error to the prosecutor's

rebuttal closing argument did not amount to ineffective assistance for several reasons. First,

because the argument was not improper, trial counsel interposed no objection, and there was no

preserved error upon which appellate counsel could have predicated an argument. Second,

appellate counsel made the tactical decision to present thirteen (13) assignments of error on

direct appeal, and for the reasons discussed above, there is nothing to suggest that the

unpreserved argument alleging prosecutorial misconduct would have been clearly stronger than

those. See Smith v. Robbins, 528 U.S. 259, 288 (2000) ("Generally, only when ignored

[appellate] issues are clearly stronger than those presented, will the presumption of effective

assistance be overcome.") Accordingly, the state court's holding that claim 5 warranted no relief

was both factually reasonable and in accord with controlling federal authorities, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In his sixth claim, petitioner faults appellate counsel for failing to argue that the evidence was insufficient to support the convictions. The Supreme Court of Virginia found no merit to this argument, as follows:

> The Court holds claim (f) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address very possible issue on appeal. Barnes, 463 U.S. at 751-52. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Godoy v. Dir., Va. Dep't of Corr., supra, slip op. at 5 - 6.

Petitioner's sixth claim is without merit for the simple fact that the evidence of his guilt was overwhelming. After the incident, K.A.A. had vaginal abrasions and cervical redness consistent with having been raped, and petitioner's DNA was found in her vagina and anus. Her balcony door was broken off its tracks, and the police recovered tools and bleach used to try to clean them on the balcony. Petitioner's fingerprints were found on the tools, the balcony, and the railing leading to a landing he used to climb onto the balcony. Police found the knife he wielded between the victim's bed and her baby's crib. And after the rape, petitioner hid at a friend's house and talked about plans to flee the country. Under these circumstances, an argument that the evidence was insufficient to sustain the convictions patently would not have been stronger than those appellate counsel chose to present, Smith, 528 U.S. at 288, and the state court's determination that its omission did not amount to ineffective assistance accordingly must not be disturbed. Williams, 529 U.S. at 412-13.

16

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice.  An appropriate Order and judgment shall issue.

Entered this _28th_ day of _September_ 2016.

Alexandria, Virginia

                    /s/

Leonie M. Brinkema
United States District Judge

17